UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

State Farm Mutual Automobile Insurance Company,

      Plaintiff,

v.

Physiomatrix, Inc.,
Genex Physical Therapy, Inc.,
Kallil I. Kazan, D.C.,
Naim Khanafer, D.C.,
Sami Abu Farha, M.D.,
Sami Abu Farha, M.D., P.C.,
Tete Oniang'o, M.D.,
Tete Oniang'o, M.D., P.L.L.C.,

      Defendants.
_____/

Case No. 2:12-cv-11500-JCO-DRG
Hon. John Corbett O'Meara
Magistrate Judge David R. Grand

**JURY TRIAL DEMANDED**

### DEFENDANTS SAMI ABU FARHA, M.D. AND SAMI ABU FARHA, M.D., P.C.'S *EX PARTE* MOTION FOR LEAVE TO FILE A 25 PAGE BRIEF IN SUPPORT OF A MOTION TO DISMISS TO BE FILED ON MAY 21, 2012

    Defendants Sami Abu Farha, M.D. and Sami Abu Farha, M.D., P.C. (collectively "the Abu Farha defendants"), by their attorneys Mantese Honigman Rossman and Williamson, P.C., and for their *Ex Parte* Motion for Leave to File a 25 Page Brief in Support of a Motion to Dismiss to be Filed on **May 21, 2012**, state as follows:

    1.    Plaintiff alleges that the Abu Farha defendants have committed insurance fraud, conspired to violate 18 USC § 1962 ("RICO"), and violated RICO by allegedly participating in a "Fraudulent Billing Enterprise" related to no-fault insurance claims submitted on behalf of State Farm insurance policy beneficiaries.

2. Plaintiff served Defendant Sami Abu Farha, M.D., P.C. with the Complaint and counsel for the Abu Farha defendants agreed to accept service on behalf of Dr. Abu Farha personally.

3. Plaintiff's counsel and counsel for the Abu Farha defendants have agreed that the Abu Farha defendants will respond to the Complaint on or before **May 21, 2012**.

4. The Abu Farha defendants intend to respond to the Complaint by filing a Motion to Dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)*.

5. E.D.Mich. LR 7.1(d)(3) limits briefs to 20 pages, but provides that "[a] person seeking to file a longer brief may apply ex parte in writing setting forth the reasons."

6. The Abu Farha defendants require at least a 25 page brief to properly address the issues to be raised in their Motion to Dismiss.

7. Among the issues to be addressed in the Motion to Dismiss, the Abu Farha defendants assert that: Plaintiff's claims are not provided for within Michigan's no-fault insurance regime and are abrogated by Michigan's no-fault laws in the context of no-fault insurance claims; Plaintiff's RICO claims are reverse preempted by Michigan's no-fault insurance laws, pursuant to the McCarran Ferguson Act. 15 U.S.C. § 1012; and, Plaintiff has failed to allege facts giving rise to plausible claims for fraud, RICO, RICO conspiracy, or unjust enrichment.

8. Several courts, including the Sixth Circuit, have found RICO to be reverse preempted by statutes similar to Michigan's no-fault insurance laws. *See Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505 (6th Cir. 2010). However, proper consideration of this issue requires discussion of numerous factors.

9. First, there are the three overarching factors. "[T]he McCarran-Ferguson Act bars the application of a federal statute if [1] the federal statute does not relate specifically to the business of insurance, [2] a state statute has been enacted to regulate the business of insurance, and [3] the federal statute would invalidate, impair, or supersede the state statute." *LaBarre v. Credit Acceptance Corporation*, 175 F.3d 640, 643 (8th Cir. 1999) (citing *Humana Inc. v. Forsyth*, 525 U.S. 299 (1999)).

10. Within each overarching factor there are several sub-factors to be considered. For instance, three criteria are considered to determine whether an activity is part of the "business of insurance": (1) "whether the practice has the effect of transferring or spreading a policyholder's risk," (2) "whether the practice is an integral part of the policy relationship between the insurer and the insured," and (3) "whether the practice is limited to entities within the insurance industry." *Union Labor Life Insurance Co. v. Pireno*, 458 U.S. 119, 129 (1982).

11. When determining whether application of a federal statute would impair a state statute, the U.S. Supreme Court and Sixth Circuit have considered several factors, such as:

> (1) the availability of a private right of action under the state insurance scheme; (2) the availability of a state common law remedy; (3) the possibility that other state statutes provide the basis for suit; (4) the availability of punitive damages; (5) whether the damages available under the state insurance scheme could exceed the damages recoverable under RICO, even taking into account RICO's treble damages provision; (6) the absence of a position by the State regarding any interest in state policy or the administrative scheme; and (7) the fact that insurers have relied on RICO to eliminate insurance fraud.

*Riverview Health*, 601 F.3d at 517. Proper discussion of this issue also requires counsel to extensively explore and discuss the Michigan no-fault insurance regime and applicable state laws.

12. Moreover, other issues to be raised in the Motion to Dismiss require discussion of numerous factors. For instance, to plead a viable RICO claim, State Farm must identify facts

3

sufficient to plausibly establish: (1) the existence of a RICO "enterprise;" (2) that the Abu Farha defendants were each employed or associated with the enterprise; (3) that the enterprise was engaged in or affecting interstate commerce; (4) that the Abu Farha defendants each participated in the conduct of the enterprise's affairs; (5) through a pattern; (6) of racketeering activity; and (7) that predicate acts alleged to have been committed specifically by the Abu Farha defendants proximately caused the injuries alleged. *Sedima SPRL v. Imrex. Co.*, 473 U.S. 479, 496 (1985).

WHEREFORE, so as to properly discuss and set forth for the Court each of the legal issues to be addressed in the Motion to Dismiss, the Abu Farha defendants request leave to file a 25 page brief in support of their Motion to Dismiss.

Respectfully submitted,

MANTESE HONIGMAN ROSSMAN
  and WILLIAMSON, P.C.
Attorneys for the Abu Farha defendants only

  /s/Brendan H. Frey
Gerard V. Mantese (P34424)
Brendan H. Frey (P70893)
1361 E. Big Beaver Rd.
Troy, Michigan 48083
248-457-9200
248-457-9201 (fax)
gmantese@manteselaw.com
bfrey@manteselaw.com

Dated: May 18, 2012

## CERTIFICATE OF SERVICE

I, Brendan Frey, hereby certify that on May 18, 2012 I caused the foregoing to be filed through the Court's ECF filing system, which shall provide service to all counsel of record.

  /s/Brendan H. Frey
Brendan H. Frey