UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

State Farm Mutual Automobile Insurance
Company,

    Plaintiffs,

v

Physiomatrix, Inc., Genex Physical Therapy,
Inc., Kallil I. Kazan, D.C., Naim Khanafer,
D.C., Sami Abu Farha, M.D., Sami Abu Farha,
M.D., P.C., Tete Oniang'o, M.D., Tete Oniang'o
M.D., P.L.L.C.,

    Defendants,
and

Physiomatrix, Inc., Genex Physical Therapy,
Inc.,

    Plaintiffs,

v.

State Farm Mutual Automobile Insurance
Company,

    Counter-Defendant,

Michael Flannery, Nicole Lefere, Ruth
Johnson, Michigan Secretary of State, in Her
Official Capacity Only, and Kevin Clinton,
Michigan Commissioner of Insurance, in His
Official Capacity Only,

    Third-Party Counter-Defendants.

No. 5:12-cv-11500

HON. JOHN CORBETT O'MEARA

MAG. DAVID R. GRAND

_____

Eric T. Gortner
Kathy P. Josephson
Ross O. Silverman
Patrick C. Harrigan
Attorneys for Plaintiffs and Third Party
Defendants Flannery, Lefere,
525 West Monroe Street
Chicago, IL 606611-3693
(312) 902-5200

Morley Witus (P30895)
Attorney for Plaintiff
211 West Fort Street, 15th Floor
Detroit, MI 48226-3281
(313) 596-9308

---

Gary R. Blumberg (P29820)
David W. Warren (P32449)
Peter W. Joelson (P51468)
Attorneys for Defendants Physiomatrix, Inc.,
Genex, Kazan, Khanafer, and Counter and
Third Party Plaintiffs Physiomatrix, Inc.,
Genex Physical Therapy, Inc. and Counter
Claimant Kazan, Khanafer, Counter
Defendant Genex, Physiomatrix, Kazan, and
Khanafer
30665 Northwestern Hwy, Ste. 200
Farmington Hills, MI 48334
(248) 626-9966

Bradley J. Shafer (P36604)
Matthew J. Hoffer (P70495)
Attorneys for Defendants
Physiomatrix, Inc., Genex, Kazan,
Khanafer, and Counter and Third
Party Plaintiffs Physiomatrix, Inc.,
Genex Physical Therapy, Inc.
3800 Capital City Blvd., Ste. 2
Lansing, MI 48906-2110
(517) 886-6560

---

Joseph T. Froehlich (P71887)
Mark E. Donnelly (P39281)
Attorneys for Third-Party Defendant
Michigan Secretary of State
Michigan Attorney General's Office
Public Employment, Elections & Tort Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434

Craig S. Romanzi (P45549)
Attorney for Defendant Oniang'o
2850 Dixie Highway
Waterford, MI 48328
(248) 674-4404

Jason R. Evans (P61567)
Attorney for Third-Party Defendant
Commissioner of the Office of
 Financial and Insurance Regulation
Michigan Attorney General's Office
Corporate Oversight Division
P.O. Box 30755
Lansing, MI  48909
(517) 373-1160

                                                              /

# THIRD-PARTY DEFENDANT KEVIN CLINTON, COMMISSIONER OF THE OFFICE OF FINANCIAL AND INSURANCE REGULATION'S MOTION TO DISMISS THIRD-PARTY COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), Third-Party Defendant Kevin Clinton, Commissioner of the Office of Financial and Insurance Regulation (Commissioner) moves this Court to enter an Order dismissing him from this action, with prejudice, based on the grounds set forth in his accompanying brief.

Counsel for the Commissioner contacted opposing counsel and sought, but did not obtain, concurrence in the relief sought.

Bill Schuette
Attorney General

/s/ Jason R. Evans
Jason R. Evans (P61567)
Assistant Attorney General
Attorneys for Kevin Clinton,
Commissioner of the Office of
Financial and Insurance Regulation
Corporate Oversight Division
P.O. Box 30755
Lansing, MI  48909
(517) 373-1160
evansj@michigan.gov
P61567

Dated:  August 29, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

State Farm Mutual Automobile Insurance
Company,

      Plaintiffs,

v

Physiomatrix, Inc., Genex Physical Therapy,
Inc., Kallil I. Kazan, D.C., Naim Khanafer,
D.C., Sami Abu Farha, M.D., Sami Abu Farha,
M.D., P.C., Tete Oniang'o, M.D., Tete Oniang'o
M.D., P.L.L.C.,

      Defendants,
and

Physiomatrix, Inc., Genex Physical Therapy,
Inc.,

      Plaintiffs,

v.

State Farm Mutual Automobile Insurance
Company,

      Counter-Defendant,

Michael Flannery, Nicole Lefere, Ruth
Johnson, Michigan Secretary of State, in Her
Official Capacity Only, and Kevin Clinton,
Michigan Commissioner of Insurance, in His
Official Capacity Only,

      Third-Party Counter-Defendants.

No. 5:12-cv-11500

HON. JOHN CORBETT O'MEARA

MAG. DAVID R. GRAND

_____

Eric T. Gortner
Kathy P. Josephson
Ross O. Silverman
Patrick C. Harrigan
Attorneys for Plaintiffs and Third Party
Defendants Flannery, Lefere,
525 West Monroe Street
Chicago, IL 606611-3693
(312) 902-5200

Morley Witus (P30895)
Attorney for Plaintiff
211 West Fort Street, 15th Floor
Detroit, MI 48226-3281
(313) 596-9308

---

Gary R. Blumberg (P29820)
David W. Warren (P32449)
Peter W. Joelson (P51468)
Attorneys for Defendants Physiomatrix, Inc., Genex, Kazan, Khanafer, and Counter and Third Party Plaintiffs Physiomatrix, Inc., Genex Physical Therapy, Inc. and Counter Claimant Kazan, Khanafer, Counter Defendant Genex, Physiomatrix, Kazan, and Khanafer
30665 Northwestern Hwy, Ste. 200
Farmington Hills, MI 48334
(248) 626-9966

Bradley J. Shafer (P36604)
Matthew J. Hoffer (P70495)
Attorneys for Defendants Physiomatrix, Inc., Genex, Kazan, Khanafer, and Counter and Third Party Plaintiffs Physiomatrix, Inc., Genex Physical Therapy, Inc.
3800 Capital City Blvd., Ste. 2
Lansing, MI 48906-2110
(517) 886-6560

---

Joseph T. Froehlich (P71887)
Mark E. Donnelly (P39281)
Attorneys for Third-Party Defendant
Michigan Secretary of State
Michigan Attorney General's Office
Public Employment, Elections & Tort Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434

Craig S. Romanzi (P45549)
Attorney for Defendant Oniang'o
2850 Dixie Highway
Waterford, MI 48328
(248) 674-4404

Jason R. Evans (P61567)
Attorney for Third-Party Defendant
Commissioner of the Office of
 Financial and Insurance Regulation
Michigan Attorney General's Office
Corporate Oversight Division
P.O. Box 30755
Lansing, MI  48909
(517) 373-1160

/

**THIRD-PARTY DEFENDANT KEVIN CLINTON, COMMISSIONER OF THE OFFICE OF FINANCIAL AND INSURANCE REGULATION'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS THIRD-PARTY COMPLAINT**

Bill Schuette
Attorney General

Jason R. Evans
Assistant Attorney General
Attorneys for Kevin Clinton,
Commissioner of the Office of
Financial and Insurance Regulation
Corporate Oversight Division
P.O. Box 30755
Lansing, MI  48909
(517) 373-1160
evansj@michigan.gov
P61567

Dated:  August 29, 2012

# TABLE OF CONTENTS

Page

Table of Contents ............................................................................................. i

Index of Authorities.......................................................................................... ii

Concise Statement of Issues Presented............................................................ iii

Controlling or Most Appropriate Authority .................................................... iii

Statement of Facts .............................................................................................1

Argument............................................................................................................2

I.  Third-Party Plaintiffs' lawsuit against Kevin Clinton, Commissioner of the Office of Financial and Insurance Regulation, is barred by the Eleventh Amendment to the United States Constitution and should be dismissed with prejudice. ...............................................................................2

Conclusion and Relief Requested......................................................................5

Certificate of Service (e-file)..............................................................................6

# INDEX OF AUTHORITIES

Page

## Cases

*Abick v. Michigan*, 803 F.2d 874 (6th Cir. 1986) ............................................................3

*Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412 (6th Cir. 1996) ..................................................................................................................3

*Ex Parte Young*, 209 U.S. 123 (1908) ..............................................................2, 3, 4, 5

*Pennhurst State School & Hospital v Halderman*, 465 US 89 (1984) ..........................3

*Quern v. Jordan*, 440 U.S. 332 (1979) ..........................................................................3

## Statutes

MCL §§ 500.200 ..............................................................................................................2

MCL §§ 500.2001 ............................................................................................................2

MCL §§ 500.2093 ............................................................................................................2

MCL §§ 500.251 ..............................................................................................................2

# CONCISE STATEMENT OF ISSUES PRESENTED

1. *Ex Parte Young* provides a limited exception to the Eleventh Amendment for suits against state officials sued in their official capacity which seek to enjoin ongoing violations of federal law by state officials. Is Third-Party Plaintiffs' suit against Kevin Clinton, Commissioner of Office of Financial and Insurance Regulation, barred by the Eleventh Amendment because Third-Party Plaintiffs are not seeking to enjoin an ongoing violation of the United States Constitution by the Commissioner?

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>Authority</u>:   *Ex Parte Young*, 209 U.S. 123 (1908)

*Pennhurst State School & Hospital v Halderman*, 465 US 89, 98-101 (1984)

*Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1415 (6th Cir. 1996)

## STATEMENT OF FACTS

This action originated out of a complaint filed by State Farm Mutual Automobile Insurance Company against Third-Party Plaintiffs, Physiomatrix, Inc. and Genex Physical Therapy, Inc., in which State Farm alleged that Third-Party Plaintiffs defrauded State Farm out of nearly two million dollars by submitting claims for medically unnecessary physical therapy services. (Doc. 1, ¶¶ 2, 9-10.) State Farm's complaint alleges that Third-Party Plaintiffs fraudulently predetermined treatment protocols in which almost all their patients received the same unnecessary treatment, regardless of symptoms. (Doc. 1, ¶¶ 2-3, and 6-9.)

Third-Party Plaintiffs countersued State Farm, and two of its adjusters, claiming that State Farm created a scheme in 2011 to deny the Third-Party Plaintiffs' bills on the basis of the Arabic descent of their providers. (Doc. 18, ¶¶ 1 and 6.) Third-Party Plaintiffs assert 11 causes of action, including claims for violations of Federal and State Civil Rights statutes. (Doc. 18.)

Third-Party Plaintiffs also named Kevin Clinton, Commissioner of the Office of Financial and Insurance Regulation[1] (Commissioner), as a third-party defendant in their third-party complaint. Third-Party Plaintiffs are not challenging the constitutionality of any action taken by the Commissioner. Nor are they claiming that the Commissioner has somehow failed to take an action which he was constitutionally mandated to take. Instead, Third-Party Plaintiffs have sued the

---

[1] The correct title for Mr. Kevin Clinton is Commissioner of the Office of Financial and Insurance Regulation. Third-Party Plaintiffs named Kevin Clinton, Commissioner of Insurance, as a Third-Party Defendant in their complaint.

1

Commissioner because "he has the power [under state law] to regulate insurers such as Defendant State Farm pursuant to MCL §§ 500.200 –500.251 and MCL §§ 500.2001 to 500.2093." (Doc. 18, ¶ 28.) Third-Party Plaintiffs want this Court to declare that State Farm's actions are illegal and order the Commissioner pursuant to his authority under state law to either "suspend, revoke, or limit the authority of State Farm," or order State Farm "to cease and desist their illegal, unconstitutional, wrongful, grossly negligent, in bad faith and malicious in fact actions toward these Plaintiffs." (Doc. 18, ¶ 169.)

Third-Party Plaintiffs attempt to avoid the obvious Eleventh Amendment bar to their suit by claiming that the Commissioner and the Secretary of State "who are not being sued for damages but who are being sued for declaratory and injunctive relief, have no immunity for such limited claims under *Ex Parte Young*, 209 U.S. 123 (1908)." (Doc. 18, ¶ 172.)

## ARGUMENT

I.  **Third-Party Plaintiffs' lawsuit against Kevin Clinton, Commissioner of the Office of Financial and Insurance Regulation, is barred by the Eleventh Amendment to the United States Constitution and should be dismissed with prejudice.**

Third-Party Plaintiffs' suit against Kevin Clinton, Commissioner of the Office of Financial and Insurance Regulation, should be dismissed because it is barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars suits in federal court against a state, its agencies, and officials sued in their official capacity, unless the state has waived immunity or Congress

has expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State School & Hospital v Halderman*, 465 US 89, 98-101 (1984). Third-Party Plaintiffs have not claimed waiver by Michigan or abrogation by Congress[2], but instead are attempting to avoid the Eleventh Amendment's bar by incorrectly claiming that their action against the Commissioner falls within the narrow exception outlined in *Ex Parte Young*, 209 U.S. 123 (1908) merely because they are seeking declaratory and injunctive relief. (Doc. 18, ¶ 172).

In *Ex Parte Young*, the Supreme Court held that federal courts have jurisdiction over suits against state officials sued in their official capacity seeking prospective equitable relief to enjoin ongoing violations of federal law by the state official. *Ex Parte Young*, 209 U.S. 123, 155-156, (1908). Merely seeking prospective equitable relief is not enough. Plaintiffs must also be alleging an *ongoing violation of the United State Constitution by the sued state official.*

In *Children's Healthcare is a Legal Duty, Inc. v. Deters*, the Sixth Circuit discussed the requirement that a plaintiff be challenging "the constitutionality of a state officials *action*" in order for *Young* to apply. *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1415 (6th Cir. 1996) (Citations omitted). In *Children's Healthcare*, plaintiffs sued the Ohio Attorney General alleging that certain provisions of an Ohio law were unconstitutional. *Id.* at 1413. Plaintiffs,

---

[2] Third-Party Plaintiffs correctly decided not to argue state waiver or Congressional abrogation of Eleventh Amendment immunity. Michigan has not consented to civil rights suits in Federal Court, nor has Congress expressly abrogated Eleventh Amendment immunity by statute. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986) and *Quern v. Jordan*, 440 U.S. 332, 341 (1979).

3

however, did not allege in their complaint that the Attorney General was taking or threatening to take any action to enforce the allegedly unconstitutional law. *Id.* at 1416. The Court held that because the plaintiffs were not seeking to enjoin the enforcement of an allegedly unconstitutional statute, the *Young* exception did not apply. *Id.* at 1417. What was alleged was inaction, not action. The *Young* exception requires action by the sued state official. *Id.* at 1416.

Likewise, the *Young* exception does not apply in this case because Third-Party Plaintiffs are not seeking to enjoin the Commissioner from enforcing an unconstitutional law or taking or threatening to take some action which would violate the United States Constitution. Instead, Third-Party Plaintiffs merely claim that State Farm, a private insurance company, has taken action which violates the United States Constitution. Instead of trying to stop an ongoing or threatened Constitutional violation by the Commissioner, Third-Party Plaintiffs want this Court to order the Commissioner to utilize the authority granted to him under state law to order State Farm to cease from taking action which they claim violates the United States Constitution, Federal and State Civil Rights laws, Federal mail fraud, and the State insurance code.

As the *Ex Parte Young* exception to Eleventh Amendment does not apply in this case, Third-Party Plaintiffs' complaint against Kevin Clinton, Commissioner of the Office of Financial and Insurance Regulation, should be dismissed with prejudice.

## CONCLUSION AND RELIEF REQUESTED

Third-Party Plaintiffs' suit against Kevin Clinton, Commissioner of the Office of Financial and Insurance Regulation, should be dismissed because it is barred by the Eleventh Amendment to the United States Constitution. While *Ex Parte Young* provides a limited exception to the Eleventh Amendment, that exception is inapplicable because the Third-Party Plaintiffs' are not seeking to enjoin an allegedly unconstitutional action by the Commissioner.

Third-Party Defendant, Kevin Clinton, Commissioner of the Office of Financial and Insurance Regulation, requests that this Honorable Court enter an order granting Motion to Dismiss, dismissing Third-Party Plaintiffs' third-party complaint as to the Commissioner, with prejudice, and awarding such further relief as this Court deems just and appropriate, including the Commissioner's costs and attorney's fees incurred in defending this matter.

Respectfully submitted,

Bill Schuette
Attorney General

/s/ Jason R. Evans
Assistant Attorney General
Attorneys for Kevin Clinton,
Commissioner of the Office of
Financial and Insurance Regulation
Corporate Oversight Division
P.O. Box 30755
Lansing, MI 48909
(517) 373-1160
evansj@michigan.gov
P61567

Dated: August 29, 2012

## CERTIFICATE OF SERVICE (e-file)

I hereby certify that on August 29, 2012, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ Jason R. Evans
Assistant Attorney General
Attorneys for Kevin Clinton,
Commissioner of the Office of
Financial and Insurance Regulation
Corporate Oversight Division
P.O. Box 30755
Lansing, MI 48909
(517) 373-1160
evansj@michigan.gov
P61567