UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,                                              No. 5:12-cv-11500

v                                                  HON. JOHN CORBETT O'MEARA

PHYSIOMATRIX, INC. and GENEX          MAG. DAVID R. GRAND
PHYSICAL THERAPY, INC.

    Defendants,

and

PHYSIOMATRIX, INC., GENEX PHYSICAL
THERAPY, INC.,

    Plaintiffs,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Counter-Defendant,

and

MICHAEL FLANNERY, NICOLE LEFERE,
RUTH JOHNSON, MICHIGAN SECRETARY
OF STATE, in her official capacity only, and
KEVIN CLINTON, MICHIGAN
COMMISSIONER OF INSURANCE, in his
official capacity only,

    Third Party Counter-Defendants.

_____

| | |
|---|---|
| Eric T. Gortner<br>Kathy P. Josephson<br>Ross O. Silverman<br>Patrick C. Harrigan<br>Attorneys for Plaintiffs and Third Party<br>Defendants Flannery, Lefere,<br>525 West Monroe Street<br>Chicago, IL 606611-3693<br>(312) 902-5200 | Morley Witus (P30895)<br>Attorney for Plaintiff<br>211 West Fort Street, 15th Floor<br>Detroit, MI 48226-3281<br>(313) 596-9308 |
| Gary R. Blumberg (P29820)<br>David W. Warren (P32449)<br>Peter W. Joelson (P51468)<br>Attorneys for Defendants Physiomatrix, Inc.,<br>Genex, Kazan, Khanafer, and Counter and<br>Third Party Plaintiffs Physiomatrix, Inc.,<br>Genex Physical Therapy, Inc. and Counter<br>Claimant Kazan, Khanafer, Counter<br>Defendant Genex, Physiomatrix, Kazan, and<br>Khanafer<br>30665 Northwestern Hwy, Ste. 200<br>Farmington Hills, MI 48334<br>(248) 626-9966 | Bradley J. Shafer (P36604)<br>Matthew J. Hoffer (P70495)<br>Attorneys for Defendants<br>Physiomatrix, Inc., Genex, Kazan,<br>Khanafer, and Counter and Third<br>Party Plaintiffs Physiomatrix, Inc.,<br>Genex Physical Therapy, Inc.<br>3800 Capital City Blvd., Ste. 2<br>Lansing, MI 48906-2110<br>(517) 886-6560 |
| Joseph T. Froehlich (P71887)<br>Assistant Attorney General<br>Attorneys for Third Party Defendant<br>Michigan Secretary of State<br>Michigan Attorney General's Office<br>PEET Division<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434 | Craig S. Romanzi (P45549)<br>Attorney for Defendant Oniang'o<br>2850 Dixie Highway<br>Waterford, MI 48328<br>(248) 674-4404 |

_____/

**MICHIGAN SECRETARY OF STATE**
**<u>RUTH JOHNSON'S MOTION TO DISMISS</u>**

Michigan Secretary of State Ruth Johnson, by counsel, and pursuant to Fed.

R. Civ. P. 12, moves this Honorable Court for an Order dismissing Third Party

Plaintiffs' Complaint with prejudice as against her. Third Party Plaintiffs'

2

Complaint fails to state a claim as against Secretary of State Johnson because the claims alleged are barred by the Eleventh Amendment to the United States Constitution.  In further support of her motion, Secretary of State Johnson relies on the facts, law and argument contained in the attached brief in support.

Pursuant to Eastern District of Michigan Local Rule 7.1, the undersigned certifies that he contacted counsel for Third Party Plaintiffs, Bradley J. Shafer, by telephone and sought concurrence in the relief requested in this motion. Concurrence in the motion was denied, necessitating the filing of this motion.

                Respectfully submitted,

                Bill Schuette
                Attorney General

                */s/Joseph T. Froehlich*
                Joseph T. Froehlich (P71887)
                Assistant Attorney General
                Attorney for Defendant Ruth Johnson
                P.O. Box 30736
                Lansing, MI 48909
                (517) 373-6434
                Email:  froehlichj@michigan.gov
                P71887

Dated: August 31, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,    No. 5:12-cv-11500

v    HON. JOHN CORBETT O'MEARA

PHYSIOMATRIX, INC. and GENEX    MAG. DAVID R. GRAND
PHYSICAL THERAPY, INC.

    Defendants,

and

PHYSIOMATRIX, INC., GENEX PHYSICAL
THERAPY, INC.,

    Plaintiffs,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Counter-Defendant,

and

MICHAEL FLANNERY, NICOLE LEFERE,
RUTH JOHNSON, MICHIGAN SECRETARY
OF STATE, in her official capacity only, and
KEVIN CLINTON, MICHIGAN
COMMISSIONER OF INSURANCE, in his
official capacity only,

    Third Party Counter-Defendants.

_____

| | |
|---|---|
| Eric T. Gortner<br>Kathy P. Josephson<br>Ross O. Silverman<br>Patrick C. Harrigan<br>Attorneys for Plaintiffs and Third Party<br>Defendants Flannery, Lefere,<br>525 West Monroe Street<br>Chicago, IL 606611-3693<br>(312) 902-5200 | Morley Witus (P30895)<br>Attorney for Plaintiff<br>211 West Fort Street, 15th Floor<br>Detroit, MI 48226-3281<br>(313) 596-9308 |
| Gary R. Blumberg (P29820)<br>David W. Warren (P32449)<br>Peter W. Joelson (P51468)<br>Attorneys for Defendants Physiomatrix, Inc.,<br>Genex, Kazan, Khanafer, and Counter and<br>Third Party Plaintiffs Physiomatrix, Inc.,<br>Genex Physical Therapy, Inc. and Counter<br>Claimant Kazan, Khanafer, Counter<br>Defendant Genex, Physiomatrix, Kazan, and<br>Khanafer<br>30665 Northwestern Hwy, Ste. 200<br>Farmington Hills, MI 48334<br>(248) 626-9966 | Bradley J. Shafer (P36604)<br>Matthew J. Hoffer (P70495)<br>Attorneys for Defendants<br>Physiomatrix, Inc., Genex, Kazan,<br>Khanafer, and Counter and Third<br>Party Plaintiffs Physiomatrix, Inc.,<br>Genex Physical Therapy, Inc.<br>3800 Capital City Blvd., Ste. 2<br>Lansing, MI 48906-2110<br>(517) 886-6560 |
| Joseph T. Froehlich (P71887)<br>Assistant Attorney General<br>Attorneys for Third Party Defendant<br>Michigan Secretary of State<br>Michigan Attorney General's Office<br>PEET Division<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434 | Craig S. Romanzi (P45549)<br>Attorney for Defendant Oniang'o<br>2850 Dixie Highway<br>Waterford, MI 48328<br>(248) 674-4404 |

_____/

# MICHIGAN SECRETARY OF STATE
# RUTH JOHNSON'S BRIEF IN SUPPORT OF
# <u>MOTION TO DISMISS</u>

## CONCISE STATEMENT OF ISSUES PRESENTED

1. *Ex Parte Young* provides a limited exception to the Eleventh Amendment for suits against state officials sued in their official capacity which seek to enjoin ongoing violations of federal law by state officials. Here, Third-Party Plaintiffs' suit against Michigan Secretary of State Ruth Johnson is barred by the Eleventh Amendment because Third-Party Plaintiffs are not seeking to enjoin an ongoing violation of the United States Constitution.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

## UNITED STATES SUPREME COURT

*Ex Parte Young*, 209 U.S. 123 (1908).

*Edelman v. Jordan,* 415 U.S. 651, 666, 667 (1974).

*Pennhurst State School & Hospital v Halderman*, 465 U.S. 89, 98-101 (1984).

## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

*Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1415 (6th Cir. 1996)

# STATEMENT OF FACTS

This action originates out of a complaint filed by State Farm Mutual Automobile Insurance Company against Third-Party Plaintiffs, Physiomatrix, Inc. and Genex Physical Therapy, Inc. ("Third Party Plainitffs"), in which State Farm alleged that these entities defrauded State Farm out of nearly two million dollars by submitting claims for medically unnecessary physical therapy services. (Doc. 1, ¶¶ 2, 9-10.) State Farm's complaint alleges that Third-Party Plaintiffs fraudulently predetermined treatment protocols in which almost all their patients received the same unnecessary treatment, regardless of symptoms. (Doc. 1, ¶¶ 2-3, and 6-9.)

Third-Party Plaintiffs countersued State Farm and two of its adjusters, claiming that State Farm created a scheme in 2011 to deny the Third-Party Plaintiffs' bills on the basis of the Arabic descent of their providers. (Doc. 18, ¶¶ 1 and 6.) Third-Party Plaintiffs assert 11 causes of action, including claims for violations of Federal and State Civil Rights statutes. (Doc. 18.)

Third-Party Plaintiffs also named Michigan Secretary of State Ruth Johnson ("Johnson") as a third-party defendant in their complaint. Third-Party Plaintiffs are not challenging the constitutionality of any action taken by Johnson, but instead have sued Johnson because she "is empowered to administer…[the] 'assigned claims facility' …pursuant to MCL § 500.3171 *et seq.*" (Doc. 18, ¶ 28.) Third-Party Plaintiffs want this Court to declare that State Farm's actions are illegal, and order Johnson to order State Farm "to cease and desist their illegal, unconstitutional, wrongful, grossly negligent, in bad faith and malicious in fact actions toward these Plaintiffs." (Doc. 18, ¶ 169.)

Third-Party Plaintiffs attempt to avoid the obvious Eleventh Amendment bar to their suit by claiming that Johnson is "not being sued for damages but [is] being sued for declaratory and injunctive relief, [and has] no immunity for such limited claims under *Ex Parte Young*, 209 U.S. 123 (1908)." (Doc. 18, ¶ 172.)

## ARGUMENT

I. ***Ex Parte Young* provides a limited exception to the Eleventh Amendment for suits against state officials sued in their official capacity which seek to enjoin ongoing violations of federal law by state officials. Here, Third-Party Plaintiffs' suit against Michigan Secretary of State Ruth Johnson is barred by the Eleventh Amendment because Third-Party Plaintiffs are not seeking to enjoin an ongoing violation of the United States Constitution.**

Third-Party Plaintiffs' suit against Johnson should be dismissed because it is barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars suits in federal court against a state, its agencies, and officials sued in their official capacity unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State School & Hospital v Halderman*, 465 U.S. 89, 98-101 (1984). Third-Party Plaintiffs have not claimed waiver by Michigan or abrogation by Congress, but instead attempt to avoid the Eleventh Amendment's bar by incorrectly claiming that their action against Johnson falls within the narrow exception outlined in *Ex Parte Young*, 209 U.S. 123 (1908), merely because they are seeking declaratory and injunctive relief. (Doc. 18, ¶ 172).

In *Ex Parte Young,* the Supreme Court held that federal courts have jurisdiction over suits against state officers sued in their official capacity seeking

2

prospective equitable relief to enjoin ongoing violations of federal law by the state officer. *Young*, 209 U.S. at 155-156. To succeed on a claim for prospective injunctive relief against a state official, a plaintiff must first prove that state official's conduct violated federal law. The federal court may then award an injunction that governs that official's future conduct. *Edelman v. Jordan,* 415 U.S. 651, 666, 667 (1974). Thus, merely seeking prospective equitable relief is not enough. Plaintiffs must also be alleging an ongoing violation of the United State Constitution by the sued state official.

In *Children's Healthcare is a Legal Duty, Inc. v. Deters*, the Sixth Circuit discussed the requirement that a plaintiff be challenging "the constitutionality of a state officials action" in order for *Young* to apply. *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1415 (6th Cir. 1996) (Citations omitted). In Children's Healthcare, plaintiffs sued the Ohio Attorney General alleging that certain provisions of an Ohio law were unconstitutional. *Id.* at 1413. But Plaintiffs did not allege in their complaint that the Attorney General was taking or threatening to take any action to enforce the allegedly unconstitutional law. *Id.* at 1416. The Court held that because the plaintiffs were not seeking to enjoin the enforcement of an allegedly unconstitutional statute, the *Young* exception did not apply. *Id.* at 1417. The *Young* exception requires affirmative action by the sued state official.

Here, the *Young* exception does not apply in this case because Third-Party Plaintiffs are not seeking to enjoin Johnson from enforcing an unconstitutional law

3

or taking or threatening to take some action which would violate the United States Constitution. Instead, Third-Party Plaintiffs claim that State Farm, a private insurance company, has taken action which violates the United States Constitution. Third-Party Plaintiffs want this Court to order Johnson to order State Farm to cease from taking action which they claim violates the United States Constitution. This is not the type of injunctive relief contemplated by *Young*. There is no allegation anywhere in the Complaint that Johnson is enforcing an unconstitutional statute or engaging in some other type of unconstitutional behavior.

As the *Ex Parte Young* exception to Eleventh Amendment does not apply in this case, Third-Party Plaintiffs' complaint against Michigan Secretary of State Ruth Johnson should be dismissed with prejudice.

## CONCLUSION AND RELIEF REQUESTED

Third-Party Plaintiffs' suit against Secretary of State Ruth Johnsons should be dismissed because it is barred by the Eleventh Amendment to the United States Constitution. While *Ex Parte Young* provides a limited exception to the Eleventh Amendment, that exception is inapplicable because the Third-Party Plaintiffs are not seeking to enjoin an allegedly unconstitutional action by Johnson.

Secretary of State Johnson requests that this Honorable Court enter an order granting her Motion to Dismiss and dismissing Third-Party Plaintiffs' third-party complaint with prejudice as to her. Johnson further requests further relief as this

4

Court deems just and appropriate, including costs and fees incurred in defending this matter.

    Respectfully submitted,

    Bill Schuette
    Attorney General

    */s/Joseph T. Froehlich*
    Joseph T. Froehlich (P71887)
    Assistant Attorney General
    Attorney for Defendant Ruth Johnson
    P.O. Box 30736
    Lansing, MI 48909
    (517) 373-6434
    Email:  froehlichj@michigan.gov
    P71887

Dated: August 31, 2012

---

**CERTIFICATE OF SERVICE:** I certify that on August 31, 2012, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will provide electronic copies to counsel of record, and I certify that my secretary has mailed by U.S. Postal Service the papers to any non-ECF participant.

    **/s/ Joseph T. Froehlich**
    Assistant Attorney General
    PO Box 30736
    Lansing, MI 48909
    (517) 373-6434
    froehlichj@michigan.gov