UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

        Plaintiff,

v.

PHYSIOMATRIX, INC., *et al.,*

        Defendants.
_____/

Case No. 12-11500

Hon. John Corbett O'Meara

### ORDER GRANTING MOTION FOR RECONSIDERATION AND TO AMEND COUNTER-COMPLAINT

Before the court is Defendants Physiomatrix, Inc. and Genex Physical Therapy, Inc.'s motion for reconsideration, filed February 26, 2013. Plaintiff State Farm Mutual Automobile Insurance Company filed a response on March 1, 2013; Defendants submitted an amended brief on April 2, 2013.

Defendants seek reconsideration of the court's order dismissing their RICO claims. The court determined that Defendants' "bare allegations of fraud do not satisfy Rule 9(b) particularity requirement and do not sufficiently allege predicate acts of racketeering to state a claim under RICO." Order at 17. The court further noted that Defendants' claim sounded in contract rather than tort. The court declined Defendants' request to amend the counter-complaint because they had not filed a motion to amend or a proposed amended complaint. Id. at 19.

In connection with their motion for reconsideration, Defendants have submitted a proposed amended counter-complaint. The amended complaint more specifically describes the

alleged fraudulent statements made by State Farm. See Amended Compl. at ¶¶ 60-66. Defendants allege that State Farm sends out false "investigation" letters after receiving claims for payment for their services. Id. at ¶ 55. According to Defendants, State Farm makes the following material misrepresentations in these letters: that it "has not yet made a determination of its obligations to pay"; and that the matter "is presently under investigation." Id. at ¶ 62. Defendants allege that State Farm "automatically denies claims submitted by [them] . . . without any inquiry into medical necessity." Id. at ¶ 51. Defendants further allege that State Farm "has decided to deny payment on or even before the date the investigation letter is mailed" and that State Farm does not actually investigate the claims submitted by Defendants, contrary to its representations in the "investigation" letters. Id. at ¶ 63-64. Defendants also attach examples of the allegedly false investigation letters to their amended complaint.

The court finds that Defendants' amended counter-complaint meets the heightened pleading requirement for fraud and pleads the elements of the predicate acts of mail fraud under RICO. See Heinrich v. Waiting Angels Adoption Serv. Inc., 668 F.3d 393, 404 (6th Cir. 2012) (elements of mail fraud). In light of this, the court finds that Defendants have pleaded a fraudulent scheme beyond a mere breach of contract, distinguishing this matter from Chamberlin v. Hartford Financial Serv., Inc., 2005 WL 2007894 at *2-3 (S.D.N.Y. Aug., 19, 2005). Under these circumstances, the court will exercise its discretion in favor of granting Defendants leave to amend their counter-complaint. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

State Farm argues that amendment will be futile because Defendants have not alleged the existence of a distinct enterprise; the existence of a viable RICO enterprise; or that any

representations made by State Farm proximately harmed Defendants.  The court disagrees.  Although State Farm suggests that it and its employees or agents cannot form a distinct enterprise, Defendants have alleged more: an enterprise consisting of State Farm and independent medical examiners, including Justin Riutta, M.D.  See Amended Compl. at ¶ 38, 79, 82.

For purposes of RICO, "an enterprise includes any union or group of individuals associated in fact," elsewhere described as "a group of persons associated together for a common purpose of engaging in a course of conduct." Boyle v. United States, 556 U.S. 938, 944 (2009) (internal quotation marks omitted).  Such an association must have "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." Id. at 2244.  Defendants have alleged the enterprise's purpose (fraudulent, blanket denial of claims); a relationship between State Farm and independent medical examiners (State Farm hires the doctors to lend legitimacy to the blanket denial of claims) and longevity (beginning in 2010).  See, e.g., Amended Compl. at ¶¶ 34-42,71-72, 79, 99, 106.  See also Brown v. Cassens Transp. Co., 675 F.3d 946, 967-68 (6th Cir. 2012) (allegations of employer, claims adjuster, and "cutoff doctor" working in concert to fraudulently deny claims sufficient to state a RICO enterprise).

Defendants have also alleged that they have been directly harmed by State Farm's alleged fraudulent scheme to delay or deny claims.  See, e.g., Amended Compl. at ¶¶ 37, 66, 68, 76, 89, 127-28.  A civil RICO plaintiff must allege he is a person injured "by reason of" a defendant's racketeering activity.  18 U.S.C. § 1964(c).  This proximate cause requirement requires "some direct relation between the injury asserted and the injurious conduct alleged."

Holmes v. Securities Investor Protection Corp., 503 US. 258, 268 (1992). See also Anza v. Ideal Steel Supply Corp., 547 U.S. 451 (2006) (the "central question" in analyzing proximate cause is "whether the alleged violation led directly to the plaintiff's injuries."). A link between the injury asserted and the injurious conduct that is too remote, purely contingent or indirect is insufficient to establish proximate cause under RICO. Hemi Group, LLC v. City of New York, 130 S.Ct. 983, 989 (2010). Here, Defendants have sufficiently alleged a direct injury as a result of State Farm's alleged fraud (e.g. alleging that State Farm uses the "investigation letters," independent medical exams, and explanations of benefits to improperly delay or deny payment for medical services, forcing Defendants to litigate the claims or accept reduced payments). See, e.g., Amended Compl. at 54-58, 68, 70. Defendants' allegations are similar to those found to be sufficient in Brown v. Cassens Transp. Co., 546 F.3d 347, 355-57 (6th Cir. 2008). In Brown, the plaintiffs pleaded that they were injured because the defendants' fraud "deprived the plaintiffs of worker's compensation benefits and caused them to incur attorney fees and medical care expenses." Id. Defendants' allegations of injury are not so remote, indirect, or contingent as to preclude a finding of proximate cause.

Accordingly, IT IS HEREBY ORDERED that Defendants' motion for reconsideration is GRANTED. Defendants may file their amended counter-complaint within seven days of the date of this order.

                                              s/John Corbett O'Meara
                                              United States District Judge

Date:  May 22, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 22, 2013, using the ECF system.

                                                s/William Barkholz
                                                Case Manager