## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, | ) ) ) |
| Plaintiff, | ) ) No. 5:12-cv-11500-JCO-DRG |
| v. | ) ) Hon. John C. O'Meara |
| Physiomatrix, Inc., Genex Physical Therapy, Inc., Kallil I. Kazan, D.C., Naim Khanafer, D.C., Sami Abu Farha, M.D., Sami Abu Farha, M.D., P.C., Tete Oniang'o, M.D., and Tete Oniang'o, M.D., P.L.L.C., | ) Magistrate Judge David R. Grand ) ) ) ) ) |
| Defendants. | ) ) |

## STATE FARM'S RESPONSE
## IN OPPOSITION TO NONPARTIES
## KENNETH JACKSON AND K JACKS INVESTIGATIVE
## CONSULTING'S MOTION TO QUASH SUBPOENAS (DOC. 133.)

State Farm Mutual Automobile Insurance Company ("State Farm") hereby

responds to nonparties Kenneth Jackson and K Jacks Investigative Consulting's

(collectively, "Jackson") Motion to Quash Subpoenas ("Motion"). (Doc. 133.)

## I.     INTRODUCTION

State Farm's Motion to Compel and its Supplemental Brief detail Jackson's

role as a "runner" to illegally solicit auto accident victims to be represented by the

law firms of Michael Morse ("the Morse firm") and Weiner & Associates, PLLC

("the Weiner firm") and to receive medically unnecessary treatment at the

defendant clinics in this case, Physiomatrix and Genex ("Clinics").  (Doc. 110 at

27-31.)  Rather than confront any of State Farm's unrebutted evidence, Jackson's response brief (Doc. 124) tries to shield his records from discovery by taking an exceedingly narrow view of the standard of relevance and by relying on boilerplate and inapplicable privilege objections.

In addition to objecting to the subpoenas served on Jackson, Jackson now moves to quash nine other State Farm subpoenas.  Six of these nine subpoenas have nothing to do with Jackson.  The three remaining subpoenas that do relate to Jackson seek only non-privileged commercial records reflecting telephone calls, and two of those subpoenas are moot.

Jackson's Motion rehashes the same flawed arguments that he raised in his response to State Farm's Motion to Compel.  (Doc. 124.)  Because State Farm has already addressed these arguments, it incorporates the arguments and authorities discussed in its reply brief to Jackson's response to the Motion to Compel.  (Doc. 130.)  Because Jackson has failed to include the subpoenas that are the subject of his Motion, State Farm submits this brief response to discuss the records sought by these nine subpoenas and to place the subpoenas into the proper context.  All of these subpoenas seek highly relevant information that is not protected by any privilege.  For the reasons discussed below, Jackson's Motion should be denied in its entirety.

## II.    DISCUSSION

State Farm has issued several subpoenas in the past few weeks to gather evidence regarding the unlawful solicitation activities of the Defendants, Jackson, and the Morse and Weiner firms.  These activities were essential to the success of the scheme because the scheme would not work without patients.

In his Motion, Jackson challenges the nine subpoenas issued to other entities "to the extent they request information related" to Jackson, his business, or his cell phone number.  (Doc. 133 at 6.)  As discussed below, only three of these nine subpoenas relate to Jackson and two of those are now moot.  The remaining subpoenas seek records from nonparties and do not request any information relating to Jackson, so his Motion should be denied.

### A.    Subpoenas Seeking Jackson's Phone Records

State Farm issued a subpoena to wireless carrier T-Mobile USA seeking records reflecting all outgoing and incoming calls and text messages for the phone number (313) 231-6366 and for any account held by Jackson.  (Ex. 1.)  As discussed at pages 7 through 9 of State Farm's Supplemental Brief, AT&T records show that Jackson frequently contacted Defendants Naim Khanafer and Kallil Kazan using this number.  Jackson also uses this number on his business card, which he gives to State Farm insureds after making illegal in-person solicitation

3

visits on behalf of the Clinics and/or the Morse and Weiner firms. (*See* Doc. 115, Ex. 4.)

In response to the subpoena, T-Mobile advised State Farm that it did not maintain the records sought by the subpoena and that State Farm should direct a new subpoena to its affiliate, IDT. State Farm then issued an identical subpoena to IDT. (*Id.*) IDT also informed State Farm that it did not possess the requested records, and advised State Farm to issue a subpoena to TracFone, which State Farm did on August 23. (*Id.*) Thus, T-Mobile USA and IDT will not be producing any records in response to their subpoenas, and Jackson's Motion with respect to these subpoenas is moot. TracFone has not yet complied with the subpoena.

Jackson also lacks standing to seek to quash the subpoenas to T-Mobile, IDT or TracFone. *See Corsair Special Situations Fund, L.P. v. Engineered Framing Systems, Inc.*, 2011 WL 3651821, at *2 (D. Md. Aug. 27, 2011) (holding party had no standing to quash subpoena to wireless carrier, explaining "a person has no legitimate expectation of privacy in the numbers dialed on his or her phone); *United States v. Powell*, 2013 WL 1876761, at *8 (E.D. Mich. May 3, 2013) ("there is no reasonable expectation of privacy in cell phone records"). Even if Jackson did have standing to seek to quash the subpoenas, the requested phone records are highly relevant because they will establish that Jackson telephoned State Farm's insureds to solicit them following their accidents, and will also

establish the frequency of his communications with the Defendants and the Morse and Weiner firms. This evidence is relevant to the solicitation and *quid pro quo* referral relationship described in State Farm's Complaint.

### B.   State Farm's Other Subpoenas to Non-Parties

Jackson's motion to quash as it relates to six other subpoenas should also be denied because these subpoenas seek records from other nonparties that have nothing to do with Jackson. These subpoenas are briefly discussed below to place them in the proper context.

### 1.   Cellco Partnership d/b/a Verizon Wireless ("Verizon")

State Farm issued a subpoena to Verizon seeking all phone records related to (313) 354-3151. As discussed at pages 7 through 10 of State Farm's Supplemental Brief, Defendants Kazan and Khanafer used this phone number to purchase thousands of crash reports from Iyetek and DocView, and to communicate extensively with Jackson, runner Sarah Vidican DeSanto, and the Clinics. (Doc. 115 at 7-10.) AT&T produced records confirming that the account belonged to Kallil Kazan, but the phone number was transferred to Verizon in February 2011. (*Id*. at 7.) The Verizon subpoena seeks all records for the (313) 354-3151 and accounts used by Kazan, Khanafer or their alias David Maskalski. (Ex. 2.)

5

2. <u>Sprint</u>

State Farm issued a subpoena to Sprint seeking all phone records for (248) 470-7007, the number used by runner Sarah Vidican DeSanto to illegally solicit State Farm insureds, as discussed at pages 9 and 10 of the Supplemental Brief. (Ex. 3.)

3. <u>Comerica Bank</u>

After Iyetek produced the previously withheld cashier's check used by the Defendants' fictitious "Auto Assurance" business to purchase crash reports, State Farm issued a subpoena to Comerica Bank seeking all records relating to the cashier's check. (*See* Doc. 129 at 2.) (Ex. 4.)

4. <u>PNC Bank</u>

Iyetek also produced the unredacted VISA credit card number used by Auto Assurance to purchase thousands of crash reports. (Doc. 129.) State Farm determined that this credit card was issued by PNC Bank, and issued a subpoena to PNC Bank seeking all records related to the credit card account. (Ex. 5.)

5. <u>Bahiya Fawaz, CPA, P.C.</u>

Over the past several weeks, Physiomatrix, Genex, Kazan and Khanafer have begun to produce their tax returns in response to State Farm's discovery requests, which they had previously objected to producing. To obtain additional records not produced by the Clinic Defendants, State Farm issued a subpoena to

6

Bahiya Fawaz, CPA, P.C., the accounting firm that prepared the tax returns for Kazan, Khanafer, Physiomatrix and Genex, seeking copies of filed tax returns, requests for extension to the IRS, general ledgers, and work papers used to prepare the Clinic Defendants' tax returns.  (Ex. 6.)

6.   <u>Paramount Accounting Services</u>

State Farm also issued a similar subpoena to Paramount Accounting Services, the accounting firm which prepared Kazan's tax returns for 2007 and 2008, and at least the 2008 tax return for Kazan's chiropractic practice that operated at the Physiomatrix location, seeking tax records and supporting documentation.  (Ex. 7.)

## III.   CONCLUSION

Jackson has offered no basis to support quashing any of the subpoenas addressed in his Motion.  Therefore his motion to quash should be denied.

Dated:  September 23, 2013

By: /s/ Ross O. Silverman

Ross O. Silverman
Kathy P. Josephson
Eric T. Gortner
Patrick C. Harrigan
KATTEN MUCHIN ROSENMAN, LLP
525 W. Monroe Street, Suite 1600
Chicago, Illinois 60661-3693
(312) 902-5293
ross.silverman@kattenlaw.com
kathy.josephson@kattenlaw.com
eric.gortner@kattenlaw.com
patrick.harrigan@kattenlaw.com

- and -

Morley Witus
BARRIS SOTT DENN & DRIKER
211 W. Fort Street Suite 1500
Detroit, MI 48226-3281
313-965-9725
mwitus@bsdd.com
ATTORNEYS FOR STATE FARM

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2013, that a true and correct copy of the foregoing was served via the Court's CM/ECF system to the following attorneys of record for parties in this case:

**Gary R. Blumberg**
30665 Northwestern Hwy – Suite 200
Farmington Hills, MI 48334
248-254-3401
248-254-3404 (fax)
gbtrop@aol.com
Attorney for Physiomatrix, Inc., Genex Physical Therapy, Inc.,  Kallil Kazan, D.C., and Naim Khanafer, D.C.

**Matthew J. Hoffer**
Shafer and Assoc.
3800 Capital City Boulevard – Suite 2
Lansing, MI 48906
517-886-6560
matt@bradshaferlaw.com
Attorney for Physiomatrix, Inc., Genex Physical Therapy, Inc.,  Kallil Kazan, D.C., and Naim Khanafer, D.C.

**Bradley J. Shafer**
Shafer and Assoc.
3800 Capital City Boulevard – Suite 2
Lansing, MI 48906
517-886-6560
info@bradshaferlaw.com
Attorney for Physiomatrix, Inc., Genex Physical Therapy, Inc.,  Kallil Kazan, D.C., and Naim Khanafer, D.C.

**Peter W. Joelson**
Joelson, Rosenberg
30665 Northwestern Highway – Suite 200
Farmington Hills, MI 48334
248-626-9966
pjoelson@joelsonrosenberg.com
Attorney for Physiomatrix, Inc., Genex Physical Therapy, Inc.,  Kallil Kazan, D.C., and Naim Khanafer, D.C.

**David W. Warren**
Joelson, Rosenberg
30665 Northwestern Hwy. – Suite 200
Farmington Hills, MI 48334
248-855-2233
dwwarren@joelsonrosenberg.com
Attorney for Physiomatrix, Inc., Genex Physical Therapy, Inc.,  Kallil Kazan, D.C., and Naim Khanafer, D.C.

**Brendan H. Frey**
Mantese and Rossman, PC
1361 E. Big Beaver Road
Troy, MI 48083
248-457-9200
248-457-9201 (fax)
bfrey@manteselaw.com
Attorney for the Abu Farha Defendants

**Gerard V. Mantese**
Mantese Assoc.
1361 E. Big Beaver Road
Troy, MI 48083
248-457-9200
gmantese@manteselaw.com
Attorney for the Abu Farha Defendants

**Justin Haas**
Haas & Goldstein, PC
31275 Northwestern HWY – Suite 225
Farmington Hills, MI 48334
248-702-6550
Attorney for Kenneth Jackson and
K. Jacks Investigative Consulting

**Ben M. Gonek**
Giarmarco, Mullins & Horton, P.C.
Tenth Floor Columbia Center
101 W. Big Beaver Road
Troy, MI 48084
bgonek@gmhlaw.com
Attorney for Weiner & Associates

**Craig S. Romanzi**
Craig S. Romanzi Assoc.
2850 Dixie Highway
Waterford, MI 48328
248-674-4404
craig@romanziatnip.com
Attorney for the Oniang'o Defendants

**I. W. Winsten**
Honigman Miller Schwartz and Cohn
LLP
2290 First National Building
660 Woodward Ave
Detroit, MI 48226
iww@honigman.com
Attorney for Michael Morse P.C.

**Robert C. Rutgers, Jr.**
Rhoades, McKee
161 Ottawa Avenue NW
Suite 600
Grand Rapids, MI 49503
612-233-5187
Attorney for Iyetek, LLC