# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-cv-11500 |
| Physiomatrix, Inc., | ) Hon. John C. O'Meara |
| Genex Physical Therapy, Inc., | ) |
| Kallil I. Kazan, D.C., | ) Magistrate Judge David R. Grand |
| Naim Khanafer, D.C., | ) |
| Sami Abu Farha, M.D., | ) |
| Sami Abu Farha, M.D., P.C., | ) |
| Tete Oniang'o, M.D., | ) |
| Tete Oniang'o, M.D., P.L.L.C., | ) |
| Defendants, | ) |
| And | ) |
| Physiomatrix, Inc., | ) |
| Genex Physical Therapy, Inc., | ) |
| Counter-Plaintiffs, | ) |
| v. | ) |
| State Farm Mutual Automobile Insurance Company, | ) |
| Counter-Defendant, | ) |

## DEFENDANTS/COUNTER-PLAINTIFFS' MOTION TO DISMISS PLAINTIFF/COUNTER-DEFENDANT'S RICO CLAIMS PURSUANT TO RULE 12(c)

NOW COME Defendants, Naim Khanafer, D.C. and Kallil Kazan, D.C., and Defendants/Counter-Plaintiffs Physiomatrix, Inc., ("Physiomatrix") and Genex Physical Therapy, Inc. ("Genex") (together " "Clinic Defendants"), by and through counsel, pursuant to

1

Fed. R. Civ. P. 12(c), and move this Honorable Court to dismiss State Farm's RICO claims (Doc. #1) with prejudice in their entirety.

This Motion is filed contemporaneously with the Clinic Defendants' Corrected Response to State Farm's Renewed Motion to Dismiss (Doc. #160).

WHEREFORE, the Clinic Defendants request this Court dismiss State Farm's RICO claims (Doc. #1) with prejudice in their entirety and such other and further relief as is consistent with equity and good conscience.

Respectfully submitted,

Dated: November 22, 2013

/s/Gary R. Blumberg
Gary R. Blumberg, PC
**Gary R. Blumberg (P29820)**
*Attorneys for the Clinic Defendants.*
15011 Michigan Ave
Dearborn, MI 48126
(313) 230-1121
grblumberg@gmail.com


/s/Peter W. Joelson
Joelson Rosenberg PLC
**Peter W. Joelson (P51468)**
*Attorneys for the Clinic Defendants.*
30665 Northwestern Hwy., Ste 200
Farmington Hills, MI 48334
(248) 626-9966
pjoelson@joelsonrosenberg.com

2

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-cv-11500 |
| ) | |
| Physiomatrix, Inc., ) | Hon. John C. O'Meara |
| Genex Physical Therapy, Inc., ) | |
| Kallil I. Kazan, D.C., ) | Magistrate Judge David R. Grand |
| Naim Khanafer, D.C., ) | |
| Sami Abu Farha, M.D., ) | |
| Sami Abu Farha, M.D., P.C., ) | |
| Tete Oniang'o, M.D., ) | |
| Tete Oniang'o, M.D., P.L.L.C., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| And ) | |
| ) | |
| Physiomatrix, Inc., ) | |
| Genex Physical Therapy, Inc., ) | |
| ) | |
| Counter-Plaintiffs, ) | |
| v. ) | |
| ) | |
| State Farm Mutual Automobile Insurance Company, ) | |
| ) | |
| Counter-Defendant, ) | |
| ) | |
| ) | |

## BRIEF IN SUPPORT OF DEFENDANTS/COUNTER-PLAINTIFFS' MOTION TO DISMISS PLAINTIFF/COUNTER-DEFENDANT'S RICO CLAIMS PURSUANT TO RULE 12(c)

# TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED .................................................................. i

CONTROLLING OR MOST APPROPRIATE AUTHORITY ..................................... ii

CITED AUTHORITY ................................................................................................ ii

I. INTRODUCTION .................................................................................................. 1

II. STATEMENT OF RELEVANT FACTS AND PROCEDURE ............................... 2

III. ANALYSIS ........................................................................................................... 3

    A. Legal Standards .............................................................................................. 3

    B. *Jackson* Requires that State Farm's RICO Complaint Be Dismissed .............. 4

        1. State Farm's Alleged Injuries Arise From Personal Injuries of its Insureds ....... 4

        2. RICO Was Not Intended to Resolve Disputes Over No-Fault Benefits. ............ 5

CONCLUSION .......................................................................................................... 7

## STATEMENT OF ISSUES PRESENTED

I.    Does the Sixth Circuit's *en banc* decision in *Jackson v. Sedgwick Mgmt. Servs, Inc.*, 731 F.3d 556 (6th Cir. 2013) (2013 WL 5311293 (6th Cir. 2013) require that State Farm's RICO claims be dismissed?
**The Clinics Answer: Yes.**

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 12(b)(6)..................................................................................2, 3, 4
Fed. R. Civ. P. 12(c) .......................................................................................3, 4, 7
*Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556 (6th Cir. 2013)..........1, 2, 4, 5, 6, 7

## CITED AUTHORITY

18 USC § 1964(c) ...............................................................................................3
MCL § 500.3105...............................................................................................1, 5
MCL § 500.3112..................................................................................................5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)........................3
*Chase Bank, N.A. v. Winget*, 510 F.3d 577 (6th Cir. 2007).......................................3
*Jackson v. Sedgwick Mgmt. Servs. Inc.* 699 F.3d 466 (6th Cir. 2012)..........................6
*Muci v. State Farm Mut. Auto. Ins. Co.*, 478 Mich. 178, 732 N.W.2d 88 (2007)...........6
*Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291 (6th Cir. 2008).......................3

## I. INTRODUCTION.

State Farm alleges that the Clinic Defendants and other actors operated a RICO enterprise designed to defraud State Farm by submitting fraudulent bills for medical treatments that were not performed or were performed pursuant to a "fraudulent predetermined protocol of treatment." (Doc. #1, ¶ 2). Under MCL § 500.3105 (1), State Farm, as an insurer, is "liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter."

State Farm seeks to recover "actual damages of at least $1.9 Million in No-fault benefits paid to the Clinic Defendants." (Doc. #1, ¶ 10). State Farm paid No-fault benefits to the Clinics to reimburse the Clinics for the treatment of *personal injuries* suffered by State Farm's insureds. State Farm's statutory and contractual duty to pay No-fault benefits is triggered by one of its insureds suffering "accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle." MCL § 500.3105(1). In essence, State Farm's alleged injury, the payment of No-fault benefits, arises out of the personal injuries of its insureds. In the recent *en banc* decision in *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556 (6th Cir. 2013), the Sixth Circuit dismissed the plaintiff's RICO claims because the plaintiffs' injuries were the loss of benefits mandated by statute as a consequence of personal injuries, and personal injuries do not constitute injuries to "business or property" under RICO. *Jackson* at 566. State Farm's alleged injury as alleged in Doc. #1 cannot be separated from the underlying personal injury of the insureds, and therefore is not recoverable under RICO. Because State Farm has not pled an "injury to business or property," an essential element of its RICO claim, State Farm's RICO claims must be dismissed as a matter of law.

1

## II. STATEMENT OF RELEVANT FACTS AND PROCEDURE.

On April 3, 2012, State Farm filed its Complaint (Doc. #1) against the Clinic Defendants and other defendants, accusing the Clinic Defendants of operating a RICO enterprise with other medical professionals, clinics, and attorneys, for the purpose of inducing State Farm to pay millions of dollars in fraudulent bills. The Clinics filed a Counter-Complaint (Doc. #18), including a RICO claim against State Farm alleging that State Farm operates a RICO enterprise with its IME doctors for the purpose of wrongfully and fraudulently delaying, denying, or reducing the amount of no-fault benefits State Farm pays for the treatment of its insureds. The Court initially dismissed the Clinics' Counter-Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Opinion and Order Regarding Motions to Dismiss, Doc. #70).

The Clinics filed a Motion for Reconsideration (Doc. #74), requesting that the Court reverse its Order and allow the Clinics to file an Amended Counter-Complaint. State Farm requested special leave from the Court to file a response to the Clinics' Motion for Reconsideration, and argued that the Clinics' Amended Counter-Complaint failed to state a valid RICO claim. The Court disagreed with State Farm and granted the Clinics' Motion for Reconsideration and allowed the Clinics to file their Amended Counter-Complaint. (Order Granting Motion for Reconsideration, Doc. #87). The Clinics filed their Amended Counter-Complaint pursuant to the Court's Order (Amended Counter-Complaint, Doc. # 91). State Farm filed another Motion to Dismiss the Clinics' Counter-Complaint on June 14, 2013 (Doc. #97), essentially re-hashing its previous arguments. The Court, without oral argument, denied State Farm's Motion to Dismiss on August 7, 2013. (Doc. #114).

Despite the previous rulings of this Court, State Farm has tried, yet again, to have the Clinics' Amended Counter-Complaint dismissed and filed its "Renewed Motion to Dismiss the

Clinics' Amended Counter-Complaint or, in the Alternative, Motion for Reconsideration of the Court's August 7, 2013 Order" on October 22, 2013. (Doc. #160), relying on the recent *en banc* decision in *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556 (6th Cir. 2013). For the reasons set forth in *Jackson*, State Farm's RICO allegations against the Clinic Defendants should be dismissed as a matter of law.

## III. ANALYSIS.

State Farm's RICO claims are based on allegations that the Clinic Defendants submitted bills to State Farm for treatment that was not performed or was performed pursuant to a predetermined protocol. State Farm claims that it has paid approximately $1.9 Million in no-fault benefits as a result of the Clinic Defendants' and Defendants' conduct. (Doc. #1, ¶ 98). State Farm

### A. Legal Standards.

The Clinic Defendants move for dismissal of State Farm's RICO claims pursuant to Fed. R. Civ. P. 12(c). A court will grant a Rule 12(c) motion if the moving party is entitled to judgment as a matter of law. *Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). The same legal standard applies when deciding motions pursuant to Rule 12(b)(6) for failure to state a claim or Rule 12(c) for judgment on the pleadings. See Fed. R. Civ. P. 12(b)(6) and (c); *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, factual allegations must be sufficient "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959 (2007); Fed. R. Civ. P. 12(b)(6). "Injury to business or property" is an element of a RICO claim. 18 USC § 1964(c).

3

Because State Farm does not plead an injury to business or property, State Farm has failed to state a claim upon which relief can be granted, and dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) or (c).

### B. *Jackson* Requires that State Farm's RICO Complaint Be Dismissed.

In *Jackson*, the Sixth Circuit deals with two major issues unique to RICO: (1) whether pecuniary losses arising out of personal injuries are recoverable under RICO; and (2) whether disputes over workers' compensation benefits (or No-Fault benefits, for that matter) are best litigated in state court rather than in federal court under a RICO theory of liability. Based on the reasoning and holding in *Jackson*, State Farm's RICO claim should be dismissed because State Farm's alleged injuries arise entirely from the personal injuries of its insureds and are therefore not injuries "to business or property" under RICO, and because the State Farm's disputes with its insureds and third-party claimants over statutory no-fault benefits are not the type of disputes intended to be adjudicated under RICO.

#### 1. State Farm's Alleged RICO Injury Arises From the Personal Injuries of its Insureds.

State Farm argues that the Clinics (analogous to the employee-plaintiffs in *Jackson*) cannot maintain a RICO claim because their alleged injuries flow from the personal injury suffered by an insured. State Farm fails to recognize that its RICO claim must be dismissed for the same reasons.

The Clinics allege that they have suffered an injury in the form of lost income and wages and out-of-pocket expenses as a result of State Farm's wrongful and fraudulent denial of the Clinics' claims for no-fault benefits. The Clinics' entitlement to statutory no-fault benefits is triggered when the Clinics provide services to an insured who suffered a personal injury in an automobile accident.

4

State Farm alleges that it has suffered an injury in the form of lost profits and funds as a result of paying the Clinic Defendants' allegedly fraudulent bills. State Farm's statutory duty to pay no-fault benefits is triggered when one of its insureds seeks treatment for a personal injury suffered in an automobile accident.

As State Farm points out, the Michigan No-Fault Act states that no-fault benefits are provided for "accidental bodily injury" and are payable to, or "for the benefit of an injured person." MCL § 500.3112; MCL § 500.3105. As the *Jackson* Court observed, "disputes over statutorily mandated benefits that are arising from personal injuries 'cannot fairly be separated from the injury creating the entitlement to those benefits.'" *Jackson* at 569. State Farm is the other side of the "dispute" over the payment of statutorily mandated benefits arising from personal injuries of the insureds. It follows that disputes over statutorily mandated benefits arising from personal injuries cannot be fairly separate from the injury creating the *duty to pay* those benefits. Both the statutory entitlement to receive no-fault benefits and the statutory duty to pay no-fault benefits arise from a personal injury suffered by an insured. A reduction in the benefits received or an increase in the benefits paid originate from the personal injury and therefore the injuries pled by State Farm in its Complaint (Doc. #1) are not injuries "to business or property" under RICO.

### 2. RICO Was Not Intended to Resolve Disputes Over No-Fault Benefits.

State Farm spends a considerable portion of its Brief comparing the Michigan Worker's Compensation scheme to the Michigan No-Fault scheme, highlighting the similarities that appear to support State Farm's reliance on the *Jackson* opinion. (Doc. #160, p. 11-14). Indeed, the plain language of the Michigan Insurance Code shows clear intent to regulate the business of insurance from the first few words of the preamble: "An act to revise, consolidate, and classify the laws

5

relating to the insurance and surety business." Michigan Insurance Code, 1956 Mich. Pub. Acts 218. The statutory scheme has consistently been interpreted as such. "From our first handling of this statute in an advisory opinion issued in 1973, *Advisory Opinion re Constitutionality of 1972 Pa. 294,* 389 Mich. 441, 208 N.W.2d 469 (1973), we have, without exception, emphasized the act's comprehensive nature." *Muci v. State Farm Mut. Auto. Ins. Co.*, 478 Mich. 178, 187, 732 N.W.2d 88, 93-94 (2007).

In *Jackson,* the Sixth Circuit reasoned "[t]he RICO theory advanced by the plaintiffs in this case throws the viability of these schemes into doubt by allowing any employee who believes an employer denied his workers' compensation claim through fraud to recast this dispute as a RICO claim." *Jackson v. Sedgwick Mgmt. Servs., Inc.* 731 F.3d at 568 (citing the concurrence in *Jackson v. Sedgwick Mgmt. Servs. Inc.* 699 F.3d 466 (6th Cir. 2012)). The Sixth Circuit continues, pointing out that "there is nothing preventing an employer from turning this theory on its ear and accusing employees of a pattern of mail or wire fraud designed to support benefits claims." *Id.* By rejecting the plaintiffs' argument that their alleged injuries were to business or property, the Sixth Circuit clearly intended to prevent employers from "turning this theory on its ear" and proceeding with RICO claims against employees. By extension, State Farm is prevented from "turning this theory on its ear" and bringing a RICO claim against its insureds or anyone who claims no-fault benefits through the insureds.

> I suppose we may be entering an era when both sides to the worker's compensation dispute sue each other under RICO, with the winner prevailing on the worker's compensation dispute and obtaining RICO damages as well. I do not agree that Congress enacted RICO for this purpose and I think that the limitations on RICO claims—limitations that the lead opinion and the *Brown* precedent have painstakingly removed—were included to prevent this.

*Jackson v. Sedgwick Mgmt. Servs. Inc.* 699 F.3d 466, 486 (6th Cir. 2012) (concurrence). The dueling RICO claims before this Court are precisely what the Sixth Circuit sought to prevent.

6

## CONCLUSION

The Sixth Circuit's *en banc* decision in *Jackson* establishes that pecuniary losses flowing from personal injuries are not injuries "to business or property" and therefore not recoverable under RICO. State Farm's RICO claims against the Clinic Defendants are barred because State Farm's alleged injuries arise out of the insureds' personal injuries. In addition, the Sixth Circuit articulated that disputes over the payment (or non-payment) of statutory no-fault benefits were not the types of disputes meant to be litigated under a RICO theory. For the reasons set forth herein, the Court should dismiss State Farm's RICO claims (Doc. #1) with prejudice.

Respectfully submitted,

Dated: November 22, 2013

/s/Gary R. Blumberg
Gary R. Blumberg, PC
**Gary R. Blumberg (P29820)**
*Attorneys for the Clinic Defendants*
15011 Michigan Ave
Dearborn, MI 48126
(313) 230-1121
grblumberg@gmail.com


/s/Peter W. Joelson
Joelson Rosenberg PLC
**Peter W. Joelson (P51468)**
*Attorneys for the Clinic Defendants*
30665 Northwestern Hwy., Ste 200
Farmington Hills, MI 48334
(248) 626-9966
pjoelson@joelsonrosenberg.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2013, I electronically filed the foregoing document with the clerk for the United States District Court for the Eastern District of Michigan, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to attorneys of record, who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Susan Brohman