UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOTOBILE
INSURANCE COMPANY,

                Plaintiff,         Civil Action No. 12-cv-11500
                                          Honorable John C. O'Meara
                                          Magistrate Judge David R. Grand
    v.

PHYSIOMATRIX, INC., *et. al*,

                Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART STATE FARM'S MOTION FOR PROTECTIVE ORDER [161] AND GRANTING IN PART AND DENYING IN PART THIRD PARTY DOCTORS' MOTION TO QUASH SUBPOENAS [169]

Before the Court are two motions pending determination. Plaintiff State Farm moves for a Protective Order pursuant to Fed. R. Civ. P. 26(c) against the issuance of 19 subpoenas Defendants Physiomatrix, Inc., Genex Physical Therapy, Inc., and Drs. Naim Khanafer and Kallil Kazan (the "Clinic Defendants") served on independent medical examining doctors (the "IME Doctors") who have relationships with State Farm. [161]. State Farm alternatively seeks to stay any discovery sought from these IME Doctors until after the outcome of the District Court's ruling on State Farm's pending motions to dismiss the Clinic Defendants' counterclaims, currently set for hearing on February 6, 2014. [199]. Separately, the IME Doctors have moved to quash the subpoenas pursuant to Rules 26(c) and 45(c)(3), arguing that they seek irrelevant information, are overbroad, unduly burdensome and issued solely to harass the IME Doctors. [169].

On December 10, 2013, the Court held a hearing on these motions, where all parties

presented argument. As the Court explained on the record, the subpoenas are overly broad in most all respects, as they seek information from the IME Doctors that is, at least in part, unrelated to State Farm and/or the claimants at issue in this litigation. Accordingly, for the reasons stated on the record, the Court **GRANTS IN PART and DENIES IN PART** State Farm's and the IME Doctors' respective motions **[161, 169]** as follows with respect to the seven categories of documents sought in the subpoenas:

1. The subpoena is **QUASHED** as to Request No. 1, provided however, that as part of the resolution of this dispute, by January 10, 2013, **State Farm** SHALL PRODUCE to the Clinic Defendants any communications between it and the IME doctors regarding any claimant(s) that it has identified as being a part of its claims in this litigation.[1]

2. The subpoena is **QUASHED** with respect to Request No. 2.

3. The subpoena is **QUASHED** as to Request No. 3, provided however, that as part of the resolution of this dispute, **State Farm** SHALL PRODUCE to the Clinic Defendants the requested documents which relate to any claimant(s) that it has identified as being a part of its claims in this litigation.

4. The **IME Doctors** SHALL PRODUCE the documents requested in Request No. 4 (i.e., a copy of their internal file(s)) to the Clinic Defendants, but only those which relate to any claimant(s) that State Farm has identified as being a part of its claims in this litigation. In all other respects the subpoena is **QUASHED** with respect to Request No. 4. The following procedure will govern the IME Doctors' production: By **December 23, 2013**, **State Farm SHALL PRODUCE** to the Clinic Defendants an updated list of the claimants at issue in State

---

[1] To the extent State Farm adds additional claimants to its case-in-chief, the Clinic Defendants are entitled to discover the same material allowed in this Order as it relates to those newly added claimants, both from State Farm and from the IME Doctors.

2

Farm's case-in-chief; this list shall identify each patient by name, full or partial social security number (if available), and doctor who performed the IME;[2] the **Clinic Defendants**, in turn, **SHALL PROVIDE** each subpoenaed IME Doctor (through counsel) with the name(s) and other identifying information of the claimant(s) whose information is sought from that particular IME Doctor; each subpoenaed **IME Doctor SHALL PRODUCE** the documents required by this Order **within 30 days of receiving the Clinic Defendants' notice**.

5.   The **IME Doctors SHALL PRODUCE** the documents requested in Request No. 5 on or before the date(s) their productions are due to Request No. 4.

6.   The subpoena is **QUASHED** with respect to Request No. 6.

7.   The subpoena is **QUASHED** with respect to Request No. 7.

**SO ORDERED.**

Dated: December 11, 2013                s/David R. Grand
Ann Arbor, Michigan                     DAVID R. GRAND
                                        United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

---

[2] State Farm represented that it intends to compile and tender this information to the Clinic Defendants by December 23, 2013, and the Clinic Defendants did not object to that timeframe. This strikes the Court as an exceedingly generous amount of time to compile what should be readily accessible information. Accordingly, State Farm shall make a good faith effort to produce the list well before that deadline.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the Court has on file.

s/William Barkholz for Felicia M. Moses  
FELICIA M. MOSES  
Case Manager

Dated: December 11, 2013