UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

        Plaintiff,

v.

PHYSIOMATRIX, INC., *et al.,*

        Defendants.
_____/

Case No. 12-11500

Hon. John Corbett O'Meara

## OPINION AND ORDER
## DENYING MOTIONS TO DISMISS

Before the court are the parties' motions to dismiss. The court heard oral argument on February 6, 2014, and took the matter under advisement. For the reasons explained below, both motions are denied.

## BACKGROUND FACTS

Plaintiff/Counter-Defendant State Farm contends that Defendants engaged in a scheme to defraud State Farm through the submission of fraudulent claims for physical therapy services that were not medically necessary or not performed. The services were provided to patients who were involved in motor vehicle accidents and eligible for Personal Injury Protection (PIP) benefits under State Farm policies. The physical therapy clinics allegedly involved in the scheme are Defendants Physiomatrix and Genex, of which Defendants Kallil Kazan and Naim Khanafer

are shareholders and officers. State Farm alleges fraud, unjust enrichment, and RICO claims against Defendants.

Physiomatrix and Genex ("the Clinics") have filed a counterclaim against State Farm, also alleging violations of RICO. The Clinics allege that State Farm, along with "cut-off" doctors, violated RICO by fraudulently issuing blanket denials of legitimate PIP claims.

The parties have already filed a round of motions to dismiss, which the court granted in part and denied in part. See Order dated February 12, 2013 (Docket No. 70). State Farm's fraud, unjust enrichment, and RICO claims remain, as do the Clinic's RICO claims.

The parties have filed their latest motions because the Sixth Circuit recently decided Jackson v. Sedgwick Claims Mgmt. Serv. Inc., 731 F.3d 556 (6th Cir. 2013). Both parties contend that Jackson is fatal to the other's RICO claims.

## LAW AND ANALYSIS

**I.      State Farm's Motion**

In Jackson, the plaintiffs were employees of Coca-Cola who suffered work-related injuries. Coca-Cola's claims administrator, Sedgwick Claims Management Services, denied their workers' compensation claims. The plaintiffs claimed that Sedgwick, Coca-Cola, and a "cut-off" doctor "engaged in a fraudulent scheme

involving the mail . . . to avoid paying benefits to injured employees" in violation of RICO, 18 U.S.C. § 1962(c). Id. at 558. The plaintiffs sued pursuant to RICO's civil-remedy provision, 18 U.S.C. § 1964(c), which provides: "Any person *injured in his business or property* by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee. . . ." Id. (emphasis added).

Sitting en banc, the Sixth Circuit in Jackson held that the plaintiffs were not injured in their "business or property" as required by 18 U.S.C. § 1964(c), overruling Brown v. Cassens Transp. Co., 675 F.3d 946 (6th Cir. 2012). The court noted that courts have "uniformly recognized that the ordinary meaning of the phrase 'injured in his business or property' excludes personal injuries, including the pecuniary losses therefrom." Jackson, 731 F.3d at 564 (citation omitted). The court found that workers' compensation benefits "merely reflect the pecuniary losses associated with the personal injury" and thus do not constitute "business or property." Id. at 566. To hold otherwise, as the court did in Brown, would ignore "the underlying reality that an award of benefits under a workers' compensation system and any dispute over those benefits are inextricably intertwined with a personal injury giving rise to the benefits." Id. "Accordingly, racketeering activity leading to a loss or diminution of

benefits the plaintiff expects to receive under a workers' compensation scheme does not constitute an injury to 'business or property' under RICO." Id. at 566.

The parties appear to agree that if State Farm's *insureds* brought RICO claims predicated on the fraudulent denial of PIP benefits, such claims would not be viable under Jackson, because the benefits are compensation for medical expenses arising out of personal injuries. State Farm argues that Jackson likewise bars the Clinics' RICO claims, which are based on State Farm's allegedly fraudulent denial of medical claims. The issue is whether the Clinics, in seeking recovery of unpaid medical claims, have suffered an injury to business or property under RICO.

The Clinics argue that *they* have not suffered a personal injury for which they are seeking compensation. Rather, they are seeking compensation for medical services performed, or "lost income." State Farm rejoins that, if the court accepts the Clinics' argument, it would essentially allow the Clinics to recover no-fault medical benefits under RICO that their patients (State Farm's insureds) could not. This may be true, but State Farm has not cited legal authority that such an outcome is contrary to law. See Jackson, 731 F.3d at 569-70 ("Long before this case, courts recognized that the 'business or property' limitation in § 1964(c) created a distinction between compensable and non-compensable injuries that some might consider arbitrary.").

Although no-fault benefits are at issue, the nature of the Clinic's injury is

different from the nature of the insureds' injuries. The Clinics have provided services for which they are not being paid; this is more properly characterized as a "business" rather than a "personal" injury. See Reiter v. Sontone Corp., 442 U.S. 330, 339 (1979) ("When a commercial enterprise suffers a loss of money it suffers an injury in both its 'business' and its 'property.'"). The court finds that Jackson does not apply to bar the Clinics' claims.

## II.  The Clinics' Motion

The Clinics contend that State Farm's RICO claim should be dismissed under Jackson because "State Farm's alleged injuries arise entirely from the personal injuries of its insureds and are therefore not injuries 'to business or property' under RICO." Clinics Br. at 4. For the reasons stated above, the court finds this argument unpersuasive. State Farm's injuries arise from the payment of allegedly fraudulent claims submitted by the Clinics. Such an injury is clearly not "personal" and is an injury to State Farm's "business or property." See Reiter, 442 U.S. at 339.

The Clinics also argue that Jackson stands for the proposition that "RICO was not intended to resolve disputes over no-fault benefits." The court in Jackson noted that, to allow the plaintiffs to turn the denial of workers' compensation benefits into a RICO claim "creates a form of federal collateral review of the benefits process, backed up by the threat of treble damages." Jackson, 731 F.3d at 568. The court

further noted:

> The RICO theory advanced by the plaintiffs in this case throws the viability of these [workers' compensation] schemes into doubt by allowing any employee who believes an employer denied his workers' compensation claims through fraud to recast this dispute as a RICO claim. Moreover, there is nothing preventing an employer from turning this theory on its ear and accusing employees of a pattern of mail or wire fraud designed to *support* benefits claims.

Id. From this language, the Clinics make the leap that State Farm is not entitled to use RICO to recover for insurance fraud, because such a claim would be inconsistent with Michigan's no-fault insurance scheme. This argument is not supported by Jackson and has already been rejected by this court. See Order dated February 12, 2013, at 5-8 (Docket No. 70).

Accordingly, the court will deny the Clinics' motion.

## ORDER

IT IS HEREBY ORDERED that State Farm's October 22, 2013 motion to dismiss and the Clinic Defendants' November 22, 2013 motion to dismiss are DENIED.

s/John Corbett O'Meara  
United States District Judge

Date: February 12, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 12, 2014, using the ECF system.

>s/William Barkholz
>Case Manager