UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOTOBILE
INSURANCE COMPANY,

                        Plaintiff,             Civil Action No. 12-cv-11500
                                              Honorable John C. O'Meara
                                              Magistrate Judge David R. Grand

    v.

PHYSIOMATRIX, INC., *et. al*,

                        Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT STATE FARM'S EMERGENCY MOTION FOR CASE-TERMINATING SANCTIONS AGAINST DEFENDANT TETE ONIANG'O, M.D. AND TETE ONIANIG'O, M.D., P.L.L.C. [246]

**I.**       **RECOMMENDATION**

Before the Court is State Farm Mutual Automobile Insurance Company's ("State Farm") emergency motion for case-terminating sanctions against defendants Tete Oniang'o, M.D. and Tete Oniang'o, M.D., P.L.L.C. (collectively "Oniang'o"). [246]. Due to this Court's ultimate recommendation to impose case-terminating sanctions, the Court proceeds by way of Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Oniang'o did not respond to State Farm's motion by the initial deadline. However, late in the evening on the night before the scheduled March 31, 2014 hearing on the motion, Oniang'o filed an emergency motion to adjourn the hearing so that he could file a formal response to the motion. [275]. Oniang'o's counsel nevertheless appeared at the hearing and made an impassioned plea for the Court to grant Oniang'o's "emergency" motion to allow him additional time to explain to the Court why State Farm was not entitled to the relief it sought. On

April 1, 2014, the Court granted Oniang'o's motion, and ordered him to file a response to State Farm's motion by April 10, 2014.  [277].  The Court also agreed to continue the hearing on this matter until April 24, 2014, pending Oniang'o's filing of a timely response.  (*Id.*).  Despite the Court's extreme generosity, Oniang'o violated the Court's Order by failing to file a response to State Farm's motion by April 10; indeed, as of today's date, he still has not filed a response.  Accordingly, the Court finds that State Farm's motion can be decided without the need for further hearing.  E.D. Mich. LR 7.1(f)(2).  For the following reasons, the Court RECOMMENDS that State Farm's motion [246] be GRANTED.

## II.     REPORT

### A.     Background

On April 3, 2012, State Farm filed a complaint against Oniang'o and several other defendants, alleging fraud and RICO premised on an alleged conspiracy to defraud State Farm through fraudulently prescribed and rendered medical procedures.  [1].  Oniang'o retained Craig Romanzi, who filed his initial appearance on May 2, 2012.  [12].  Two days later, the Court entered a stipulated order extending Oniang'o's time to respond to the complaint.  [13].  On May 29, 2012, Oniang'o answered the complaint.  [27].

Thereafter, State farm filed several motions to compel against Oniang'o; he never responded to any of them.  On July 17, 2012, State Farm filed a motion to compel Oniang'o (and another defendant) to participate in a Rule 26(f) conference, to which he never responded.  [45, 53].  On October 9, 2013, State Farm moved to compel responses to discovery requests it issued to Oniang'o, to which he again never responded, despite informing the Court during an October 16, 2013 telephonic conference on the motion that he would respond by October 26.  [152].  On November 26, 2013, the Court granted State Farm's motion as unopposed (the "November 26

Order"). [196]. In addition, the Court sanctioned Oniang'o in the amount of $2,500 to cover State Farm's costs and fees associated with the motion. (*Id.*).

On December 27, 2013, State Farm moved for sanctions against Oniang'o for his failure to comply with this Court's November 26 Order. [208]. Once again, Oniang'o failed to respond to this motion in writing. However, his counsel, Mr. Romanzi, did appear at the hearing on the motion, and essentially sought the Court's mercy. It was admitted that Oniang'o had neither paid the sanctions nor produced the documents required by the November 26 Order. As to the documents, the excuse was that Mr. Romanzi's firm was in the process of dissolving, that he had purportedly lost a great amount of case information, including scheduling and due dates for motions and discovery responses, and that he was in the process of moving out of his old office into his new employment with another firm.

The Court, while sympathizing with counsel's alleged circumstances, found this excuse insufficient to account for a more than two-month delay in Oniang'o's compliance with the Order, and granted State Farm's motion on February 28, 2014 (the "February 28 Order"). [242]. In that Order, the Court issued additional monetary sanctions against Oniang'o in the amount of $1,500. (*Id.* at 3). Oniang'o was ordered to pay the full sanction amount, $4,000, as well as produce the required discovery, by March 4, 2014. (*Id.*). Further, the Court warned Oniang'o that "any future failure to comply with this Court's Orders or other obligations he may have under the applicable Federal Rules of Civil Procedure and/or Local Rules may subject Oniang'o to further sanctions, up to and including the imposition of a default judgment." (*Id.*). Unfortunately, this clear warning proved insufficient to garner Oniang'o's or his attorney's attention and compliance.

On March 5, 2014, State Farm filed an emergency motion for case-terminating sanctions against Oniang'o arising out of his failure to comply with the February 28 Order. [246]. When State Farm filed its motion on March 5, Oniang'o had neither produced the requested records, nor paid the sanction. On March 11, 2014, this Court held a telephonic conference on State Farm's motion, in an effort to resolve it informally. Both parties participated in the call. The Court ultimately determined that briefing would be necessary, and set the matter for hearing on March 31, 2014. As noted above, Oniang'o never responded to the motion.

However, at 10:30 p.m. on March 30, 2014, the night before the hearing, he filed an emergency motion to adjourn the hearing on the motion for sanctions. [275]. Oniang'o's motion asserts that, "Since last appearing before this Court, Dr. Oniang'o has produced all patient files, produced tax returns, signed IRS authorizations to allow direct access to tax returns, searched his e-mail for any correspondence with the Clinic Defendants or their owners, as well as various prominent attorneys..." [*Id.* at ¶3]. However, that assertion was unsupported by any evidence whatsoever, such as an affidavit from Dr. Oniang'o. Oniang'o again put much of the onus for his failure to comply with previous orders on Mr. Romanzi, who continued to blame his inability to comply with Orders and filing deadlines on the alleged loss of "all data, including files related to this case," when his firm "disintegrated," and on having since taken over a large case load at a new firm. [*Id.* at ¶¶6-7]. Romanzi reported that it was only after a check of dates on March 29, 2014, that he realized the hearing on State Farm's underlying motion was scheduled for March 31, 2014. [*Id.* at ¶11].

Oniang'o's motion sought an extension of time, to April 10, 2014, to respond to State Farm's motion and asked that State Farm's motion be heard on April 24, 2014, when the parties were already scheduled to appear for another hearing in this case. [275]. Oniang'o did not

4

address in his motion why he had not paid the sanctions previously ordered. However, in deposition testimony provided to the Court, he testified that he did not pay the sanctions because State Farm allegedly had not paid his bills. (Oniang'o Dep. at 300). Putting a slightly different spin on it, at the hearing, Mr. Romanzi asserted that Oniang'o did not pay the sanctions because he did not have the financial ability to do so. Regardless, Oniang'o's motion asserted that "Defense counsel represents to this Court that a response to Defendant's Motion [will be filed] by April 10, 2014[,] and any issues in this Court's February 28[,] 2014 Order will be resolved by April 10, 2014 as well." [275 at 6]. At the hearing, State Farm took exception with the assertion in Oniang'o's emergency motion that he had produced all required documents and information. Romanzi essentially pleaded with the Court to allow him an opportunity to brief the issue to show that State Farm's positions lacked merit.

On April 1, 2014, the day after the hearing, the Court granted Oniang'o's motion, finding no prejudice to State Farm in the limited extension, and gave him until April 10, 2014 (his requested extension date) to file his response to State Farm's motion. [277]. However, because of Oniang'o's prior failure to file responses and to comply with Court orders, the Court was very specific and purposeful about what Oniang'o was to required do, and what the consequence would be of his failure to do so – it wrote:

> It is **ORDERED** that Oniang'o shall file a response to State Farm's motion **ON OR BEFORE April 10, 2014**. Oniang'o's response shall fully, and in detail, address the issues raised in State Farm's motion and at the hearing, including Oniang'o's production of requested patient files and any other materials that State Farm claims have not been produced already. Oniang'o's failure to file such a response by that deadline will result in a recommendation that State Farm's motion be granted in its entirety.

(*Id.* at 3) (emphasis in original). Oniang'o was also required to produce any outstanding discovery by April 10, 2014, as well as pay the previously-ordered sanctions in their entirety.

5

(*Id.*).  If Oniang'o failed to pay the sanctions, he was ordered to appear at the hearing in person with documentation "establish[ing]" his professed inability to pay.  (*Id.*).  Despite being granted this extension, and despite the Court's specific Order that Oniang'o "**shall** file a response to State Farm's motion," by April 10, 2014 (*id.*) (emphasis added), Oniang'o did not do so; indeed, to date he still has not filed any response.

### B.    Legal Standard

Federal Rule of Civil Procedure 37 provides for sanctions for failure to make disclosures or cooperate in discovery.  Fed. R. Civ. P. 37.  Rule 37(b) provides for sanctions where a party fails to comply with a court order regarding discovery, including, under Rule 37(b)(2)(A)(vi), entry of default judgment against a disobedient defendant.  A motion for sanctions under this Rule is considered within the Court's discretion.  *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976); *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th cir.1988).  However, entry of a default judgment against a party "for failure to cooperate in discovery is a sanction of last resort," and may not be imposed unless noncompliance was due to "willfulness, bad faith, or fault."  *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990) (citations omitted); *see also Grange Mut. Cas. Co. v. Mack*, 270 Fed. Appx. 372, 376 (6th Cir.2008) (explaining that default judgment is the court's most severe discovery sanction).

In considering a motion for default judgment as a sanction, the Court analyzes the request using a four-part test which was described in *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997):  (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed or defaulted party was warned that failure to cooperate could lead to dismissal or entry

6

of default judgment; and (4) whether less drastic sanctions were imposed or considered before dismissal or default judgment was ordered. *See also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d at 1073.

###    C.    Analysis

Here, all four factors weigh heavily in favor of imposing default judgment against Oniang'o.  First, it is clear from the above recitation of this case's background that Oniang'o's failure to comply with his discovery obligations generally, and this Court's orders specifically, has been willful and in bad faith.  Despite the filing of several motions to compel by State Farm, Oniang'o has never once responded to those motions in writing.  This is so even when, on the present motion for sanctions he, himself filed a last-minute extension motion, promising that his response would be filed no later than April 10, then imploring the Court at the hearing to grant him the opportunity to file such a response, and then never filing it.

His failure to comply with his discovery obligations is further evidenced by his deposition testimony where he informed State Farm that the reason he had not paid his sanctions was because he was awaiting payment from State Farm for unpaid bills.  (Oniang'o Dep. at 300). He also informed State Farm during his deposition that despite having received discovery requests as early as 2012, and the ruling against him on two prior motions to compel, which included sanctions, he only began searching for responsive documents approximately two weeks prior to his March 2014 deposition.  (Oniang'o Dep. at 303).  This is unacceptable, and shows Oniang'o's bad faith.[1]  Despite counsel's contrary characterizations, Oniang'o has indeed thumbed his nose at this case and the Court, warranting the heavy sanction of default judgment. *See Harmon*, 110 F.3d at 368 (affirming dismissal of complaint as sanction where plaintiff's

---

[1] If Oniang'o believed he had some basis for his conduct, then he should have explained that in a formal written response to State Farm's motions.

counsel failed to respond to discovery requests issued one year prior, failed to respond to motions even where extension was granted, and failed to comply with a court order, finding such conduct demonstrated that counsel was "stubbornly disobedient and willfully contemptuous.").

Second, it is clear that Oniang'o's conduct has prejudiced State Farm.  State Farm has been seeking discovery from Oniang'o since 2012 and, other than approximately 30 documents previously produced, only began receiving discovery from him since just prior to his March 2014 deposition (and, at least at the time of the hearing on this matter, State Farm still had not received complete responses to the discovery requests, which were compelled twice over by this Court). Although Oniang'o argued at the hearing that State Farm should already have all necessary documents from him, since they have deposed him numerous times in other cases, that argument is rejected where his discovery responses could easily have directed State Farm to the documents he believed were responsive and already within its possession.  Yet he failed to do so.  Further, State Farm raised at the March 31, 2014 hearing certain additional categories of documents that it was still missing from Oniang'o, and Oniang'o has failed to present the Court with any evidence that State Farm's position is inaccurate – that was one purpose for ordering Oniang'o's response.  However, he never filed it.  Accordingly, the prejudice to State Farm is clear.

Third, the Court has repeatedly warned Oniang'o that his failure to comply with his discovery obligations generally, and this Court's orders specifically, could result in entry of a default judgment against him.  Most recently, when granting Oniang'o's emergency motion for adjournment, the Court specifically informed him that his failure to file a response ***would*** result in the granting of State Farm's motion for case-terminating sanctions.  [277].

Finally, as is evidenced above, the Court has issued lesser sanctions against Oniang'o to no avail.  Twice this Court has issued monetary sanctions against Oniang'o to compel his

compliance with his discovery obligations and/or this Court's orders.  To date there is no evidence he has paid them.[2]  In fact, the evidence before the Court is that he has refused to pay the Court-ordered sanctions unless and until he receives payment from State Farm.  (Oniang'o Dep. at 300).  But Court-ordered sanctions are just that, Court-ordered, and are not impacted by the existence of any other debt allegedly owed to him by State Farm.  Because lesser sanctions have clearly failed to compel Oniang'o's compliance with his discovery obligations and with Court orders in this case, the Court finds that the only avenue left open to it at this juncture is entry of the default judgment requested by State Farm.  *See Medcity Rehab Servs., LLC v. State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 110835, *14-15 (E.D. Mich. May 7, 2013) (although declining at that juncture to impose default judgment as sanction, noting that failure to comply with Court orders "has become an unfortunate pattern for [Mr. Romanzi]") *citing Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013) (finding that conduct of plaintiff represented by Mr. Romanzi "violated the rules of civil procedure and common courtesy alike" and that entry of dismissal as sanction "was not only permissible, but salutary."); *Allstate Ins. Co. v. Awan & Assoc. P.C.*, 2013 WL 1340142, at *4-7 (E.D. Mich. Apr. 3, 2013); *reconsideration denied*, 2013 WL 2295435, at *2 (E.D. Mich. May 24, 2013); *Harmon*, 110 F.3d at 368.

In addition, the Court recommends that State Farm be awarded sanctions in the requested amount of $5,000, for the time and effort it expended in bringing the instant motion.  Rule

---

[2] As the Court was preparing to file this Report and Recommendation, it received State Farm's Second Supplemental brief in support of its instant motion.  [283].  That supplement indicates that Oniang'o still has not paid the sanctions.  [*Id.* at 2].  While Oniang'o's failure to pay the sanctions would only strengthen this Court's instant recommendation, it is a moot point; even if he had paid them, the two separate monetary sanctions were still not enough to compel Oniang'o's compliance with this Court's orders.  The Court will not listen to any additional excuses as to why Oniang'o failed to file a response to State Farm's underlying motion.

9

37(b)(2)(C) requires the imposition of fees and costs upon a "disobedient party . . . unless the failure was substantially justified or other circumstances make an award of expenses unjust." For the reasons discussed above, Oniang'o has not shown any justification for his failures, or that the imposition of the requested sanction would be unjust. To the contrary, the requested sanction is modest considering the burdens Oniang'o has unreasonably imposed on State Farm by his conduct in this action.

## III.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that State Farm's Motion **[246]** be **GRANTED**, and that **DEFAULT JUDGMENT**, in an amount to be determined by the district court, be entered against defendants Tete Oniang'o, M.D. and Tete Oniang'o, M.D., P.L.L.C. Further, the Court RECOMMENDS that Tete Oniang'o, M.D. and Tete Oniang'o, M.D., P.L.L.C. be ordered to pay a sanction of $5,000 to State Farm.


Dated: April 16, 2014                              s/David R. Grand
Ann Arbor, Michigan                              DAVID R. GRAND
                                                 United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991);

*Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the Court has on file.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager

Dated:  April 16, 2014